938 A.2d 417

**Lois EISER, Administratrix of the Estate of William M. Eiser and Lois Eiser, Individually, Appellants**

**v.**

**BROWN & WILLIAMSON TOBACCO CORPORATION and the Tobacco Institute, Appellees.**

Supreme Court of Pennsylvania.

Argued May 16, 2007.

Decided Dec. 28, 2007.

368

Gregory Buchwald Heller, Young Ricchiuti Caldwell & Heller, L.L.C., Philadelphia, for Pennsylvania Trial Lawyers Association.

George J. Badey, III, for Lois Eiser.

Jennifer Ann Diamantis, Peter S. Greenberg, Schnader Harrison Segal & Lewis, L.L.P., Philadelphia, for Brown & Williamson Tobacco Corporation.

Jennifer Ann Diamantis, Schnader Harrison Segal & Lewis, L.L.P., Howard Michael Klein, Conrad, O'Brien, Gellman & Rohn, P.C., Philadelphia, for The Tobacco Institute.

Before CAPPY, C.J., CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN, FITZGERALD, JJ.

## OPINION ANNOUNCING THE JUDGMENT
## OF THE COURT

Justice BALDWIN.

### I.

It has been said there is "much consternation in the courts of this Commonwealth" related to where lies the outer limit of the number of issues an appellant may raise with concision pursuant to Pa.R.A.P.1925(b).[1] In this case, the trial court insisted, and the Superior Court agreed, that the sheer volume of issues raised effectively precluded the trial court from preparing an opinion.[2] We granted allocatur to resolve whether Appellants waived their right to appellate review by raising a quantity of issues sufficient to impair meaningful appellate review. We conclude that in this case, the number of issues raised in the 1925(b) statement provided no basis to find waiver.

At the outset, we note that beyond this case, there are myriad recent decisions touching upon the issue before this Court, which reached varying conclusions.[3] The Rule 1925(b) process has turned into a maelstrom in recent years, with

---

1. *Kern v. Kern,* 892 A.2d 1, 6 (Pa.Super.Ct.2006).

2. Appellants identified twenty-four separately lettered issues, some of which contained one or more sub-issues, in their fifteen-page Rule 1925(b) statement. Rule 1925, revised effective July 25, 2007, eliminates the need to include subsidiary issues that were raised in the trial court. Pa.R.A.P.1925(b)(4)(v).

3. *See Kanter v. Epstein,* 866 A.2d 394 (Pa.Super.Ct.2004), *alloc. denied,* 584 Pa. 678, 880 A.2d 1239 (2005); *cert. denied sub nom. Spector Gadon & Rosen, P.C. v. Kanter,* 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006); *Astorino v. New Jersey Transit Corp.,* 912 A.2d 308 (Pa.Super.Ct.2006) (reversing trial court determination that issues waived where Pa.R.A.P.1925(b) statement was eight pages long); *Commonwealth v. Donahue,* 428 Pa.Super. 259, 630 A.2d 1238 (1993) (Superior Court rejected trial court's assertion that issues were waived for failure to be concise where Rule 1925(b) statement identified at least thirty-two errors; Superior Court addressed preserved claims on the merits); *Cahn Nether Co. v. Thornbury Twp.,* 840 A.2d 484 (Pa. Commw.Ct.2004) (trial court erred in holding that appellant waived

some courts finding waiver where as few as two issues were raised in the 1925(b) statement.[4] We recognize that the state of the law in this area has left those filing Rule 1925(b) statements unsure of what to do, especially in complicated cases that involve multiple issues worthy of arguing on appeal.

Litigants who come to the courts of this Commonwealth, and attorneys who practice before these courts, must be able to preserve issues for appeal and move forward with the appellate process without fear of waiver. Therefore, we instruct lower courts to address, on the merits, all issues raised in good faith. With today's holding, this Court intends to clarify the confusion and quell the consternation related to waiver under Rule 1925(b) and the number of issues raised. This standard provides, where necessary, a familiar tool to assess the basis for the issues raised in a given Rule 1925(b) statement.[5] In some cases, a lack of good faith will provide a basis upon which to find waiver. For the reasons explained

review of issues because Rule 1925(b) statement included twenty-three issues in its 1925(b) Statement; Commonwealth Court suggested filing a 1925(b) statement with such a large number of issues to be unwise, but reviewed issues on the merits because the number of issues was not grounds for dismissal of the appeal); *In Re Estate of Daubert*, 757 A.2d 962, 963 (Pa.Super.Ct.2000) ("When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. An issue not identified for review in a Rule 1925(b) statement is waived whether or not the lower court actually addresses the issue in an opinion."); *Smith v. Southeastern Pennsylvania Transp. Auth.*, No. 7312 April Term 2004 (Ct. of Com. Pleas of Philadelphia Cty. Jan. 17, 2006) (finding that a five page Rule 1925(b) statement raising two issues should be quashed for noncompliance insofar as it was not concise and included argument), *affirmed on other grounds*, 913 A.2d 338 (Pa.Commw.Ct.2006) (rejecting the trial court's invitation for quashal due to noncompliance with Rule 1925(b)), *alloc. denied* 928 A.2d 1292 (Pa.2007).

4. *See Smith, supra.*

5. The version of Pa.R.A.P.1925 in effect when the instant appeal was noticed provided in relevant part as follows:

Rule 1925. Opinion in Support of Order.
(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such

below, in the matter *sub judice* we find that while the number of issues raised in the subject Rule 1925(b) statement may have been the result of a poorly reasoned appellate strategy, because the trial court did not find that Appellants acted in bad faith, there was no violation of a Rule of Appellate Procedure.[6]

## II.

In this matter, both the trial court and the Superior Court relied heavily upon the Superior Court's decision in *Kanter v.*

direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

As of July 25, 2007, revisions to Rule 1925(b) became effective. While the Rule continues to govern the form that must be followed in order to inform the lower court of the issues that will be appealed, the revised version includes instruction on the very issue now before this Court: "Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P 1925(b)(4)(iv). In the case at bar, the number of subsidiary issues raised in the instant matter was a point of friction. *Eiser v. Brown & Williamson Tobacco Corp.*, No. 4367, March Term 1999, slip op. at 4, 2005 WL 1323030 (Ct. of Com. Pleas of Philadelphia Cty. Feb. 1, 2005) ("Trial Ct. slip op."). Again, revised Rule 1925(b)(4)(v) clarified that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court...." The Notes to Rule 1925(b), as amended, further explain that the new Rule "should help counsel to comply with the concise-yet-sufficiently detailed requirement and avoid waiver under either *Lineberger v. Wyeth–Ayerst*, 894 A.2d 141 (Pa.Super.Ct.2006) [ (issues waived where the very general proposition raised in the Rule 1925(b) statement constituted waiver)] or *Kanter* ...." The Notes clarify that the "2007 amendments attempt to address the concerns of the bar raised by cases in which court found waiver ... because the [1925(b)] Statement was so repetitive and voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal."

Although the version of Rule 1925(b) in place at the relevant time for purposes of the matter *sub judice* is no longer in effect, the decision herein is unaffected by the Rule change. Both the current and former version of Rule 1925(b) require concision although the current version explains, as this decision does, that the number of issues raised in the Rule 1925(b) statement cannot by itself provide a basis for finding waiver.

6. The grant of Allocatur in this matter does not extend to a review of the merits of any of the issues raised in Appellants' Rule 1925(b) statement. This Court is concerned only with the propriety of the waiver determinations.

*Epstein.* However, prior to today, this Court has yet to address *Kanter.*[7] As a prefatory matter, a brief discussion of *Kanter* is therefore necessary.

*Kanter* was a straightforward breach of contract action. A referral fee dispute arose between attorneys, stemming from an underlying award to the client of approximately $4 million. The fee paid to the attorney to whom the matter was referred amounted to almost $1.3 million. The referring attorney then sought $431,000 for the referral but was awarded only $215,500 (one-half the amount sought) by the jury. However, the trial court revised the award post-trial to reflect the $431,000 and added $645,000 in punitive damages as well as other awards for sanctions and delays. The defendant referral attorney and his new firm, which was also a defendant, both appealed. Together, they raised some 104 issues in their 1925(b) statements.

The *Kanter* trial court was troubled by the number of issues raised and felt that in addition to the Rules of Appellate Procedure, the duty of dealing in good faith with the court had been breached. The Superior Court agreed, finding that the only "motive underlying such conduct is to overwhelm the court system to such an extent that the courts are forced to throw up their proverbial hands in frustration." *Kanter,* 866 A.2d at 402. Rather than succumb to "such tactics," the Superior Court found the appeals did not comport with the Rules given the number of issues raised, and quashed them. *Id.* at 402–03. This Court denied allowance of appeal.

### III.

The all too common facts of this case reveal that Appellants' decedent, William M. Eiser, began smoking cigarettes as a child of only fourteen or fifteen years of age. Quickly addicted, he became a lifelong smoker. Mr, Eiser was diagnosed with lung cancer in 1998. He died in 1999 at the age of fifty-four. Lung cancer was the cause of his death. This lawsuit

7. Complicating matters further, Appellants' Rule 1925(b) statement was filed before *Kanter* was decided, however the trial court and Superior Court opinions rely heavily on that case. *See* note 15, *infra.*

was filed nearly a decade ago, on March 31, 1999, just months before Mr. Eiser died. For purposes of the issue upon which this Court has granted review, Appellees manufactured the brand of cigarettes, Carlton, that Mr. Eiser smoked for most of his adult life. A dozen counts were raised, which, in sum, blamed Mr. Eiser's habitual smoking, and consequently his lung cancer, on the tobacco industry. *Eiser, et al. v. Brown & Williamson Tobacco Corp., et al.,* No. 191 EDA 2004, slip op. at 2, 2006 WL 933394 (Pa.Super.Ct. Jan. 19, 2006) ("Super Ct. slip op."). Appellants alleged in the lawsuit that Appellees' liability stemmed from, *inter alia,* an advertising campaign that the Carlton brand cigarette exposed its smokers to less harm than other brands.

> The complaint alleged numerous causes of action, including fraud, negligent misrepresentation, strict liability under Section 402B of the Restatement (Second) of Torts ..., breach of implied warranty, breach of express warranty, design defect, failure to warn under Section 402A of the Restatement (Second) of Torts, civil conspiracy, concert of action, violation of [various] consumer protection laws, and loss of consortium.

*Id.*

The subject lawsuit was by all accounts a complicated one. To contextualize the challenge facing Appellants' counsel, we note here that this case originally involved two plaintiffs and eleven defendants, and stretched over four years from the date the suit was filed to the jury verdict. At least four judges made pre-trial and trial court rulings in this matter. The record is voluminous. Moreover, Appellants have argued that the very nature of the causes of action alleged, which included conduct of the tobacco industry as far back as the 1950s, unavoidably led to a complicated and voluminous record. Appellees filed a series of motions for summary judgment and over a dozen motions *in limine.* Some four thousand exhibits were marked for the trial, which took place nearly four and a half years after the complaint was filed, and over one hundred and fifty written orders were docketed in the instant matter. A variety of pre-trial rulings, including

compulsory non-suits, were entered against Appellants. Following trial, the jury verdict was for the defense and post-trial motions were denied.

## IV.

When the trial court issued its Rule 1925(a) opinion, it found that Appellants raised such a large number of issues that the Appellants "should be deemed to have failed to preserve any issue for appellate review on account of the number of issues contained in [the] 1925(b) statement," citing the *Kanter* decision. Trial Ct. slip op at 4. The trial court explained:

> In this [c]ourt's view, the [Appellants] should be deemed to have failed to preserve any issue for appellate review on account of the number of issues contained in her 1925(b) statement. The Superior Court recently held that the filing of voluminous multi-issue 1925(b) statement violates the letter and spirit of that rule and has the effect of preserving no issue on appeal.

Trial Ct. slip op. at 4–5 (citing *Kanter*). Indeed, the trial court quoted the following passage from *Kanter* to illustrate why the instant Appellants invited waiver with their prolix Rule 1925(b) statement:

> The Defendants' failure to set forth the issues that they sought to raise on appeal in a *concise* manner impeded the trial court's ability to prepare an opinion addressing the issues that the Defendants sought to raise before this Court, thereby frustrating this Court's ability to engage in a meaningful and effective appellate review process. *See Commonwealth v. Steadley*, 748 A.2d 707, 709 (Pa.Super.2000); *see also Commonwealth v. Kimble*, 756 A.2d 78, 80 (Pa.Super.2000). By raising an outrageous number of issues, the Defendants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise. In this case, the Defendants' voluminous Rule 1925(b) Statements did not identify the issues that the Defendants *actually intended* to raise before the Superior Court. The

Defendants' Rule 1925(b) Statements identify significantly more issues than the Defendants could possibly raise on appeal due to the appellate briefing limitations requiring that the Statement of the question involved not exceed fifteen lines, and in any event, one page. *See Pa.R.A.P. 2116(a)*. In this case, the trial court was presented with fifty or more issues that each defendant identified for appeal. This forced the trial court to guess which issue the Defendants would actually raise on appeal. This Court has previously explained that "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa.Super.Ct.2004).

Furthermore, we note that despite the fact that the trial court authored an eighty-five page Opinion, the trial court was, through no fault of its own, unable to provide a comprehensive analysis of the issues it did address due to the preposterous number of issues identified by the Defendants. This too [sic] has impeded our ability to undertake a meaningful review of the issues raised by the Defendants on appeal. Accordingly, we must conclude that the Defendants have failed to preserve any of their issues for appellate review.

Trial Ct. slip op. at 5–6 (quoting *Kanter*, 866 A.2d 394, 402 (2004)).[8] Relying upon *Kanter*, the trial court then determined the sheer number of issues raised by the instant Appellants "greatly impeded its ability to prepare on [sic] Opinion that fully and cogently discusses the issues [Appellants] intend to raise on appeal due to the number of issues...." *Id.* at 6. While the trial court suggested that the Superior Court find all issues waived, the trial court attempted to address the issues raised.

As a part of her brief filed in the Superior Court, Appellant included the requisite Pa.R.A.P. 2116 Statement of Questions

---

**8.** The quoted passage includes the trial court's expression of concern regarding how Appellants would or would not ultimately comply with the appellate court's briefing requirements. For clarity's sake, we note that this consideration was not germane to the trial court's duty to prepare its Rule 1925(a) opinion.

Involved.[9] In the Rule 2116 statement, Appellants set forth eight of the issues that were raised in the 1925(b) statement. Thus, Appellants intentionally abandoned all other issues originally included in the 1925(b) statement.[10] Before addressing these issues, the Superior Court explained the trial court's frustration with the number of issues raised in the following way:

> The [trial] court directed Appellant[s] to file a concise statement of matters complained of on appeal. Appellant[s] filed a concise statement setting forth close to thirty separate issues, some containing sub-issues. The trial court then filed an opinion suggesting Appellant[s'] plethora of claims impeded the court's ability to prepare an opinion addressing the issues; and, thus, Appellant[s'] issues should be waived on appeal. Nevertheless, the court prepared an opinion discussing to some extent each of Appellant[s'] numerous issues.

Super. Ct. slip op. at 5.

The Superior Court, also relying upon *Kanter*, found that the cursory trial court opinion resulted from the sheer number of issues raised by Appellants in their Rule 1925(b) statement. Thus, it was held that all issues were waived except for the two issues the trial court addressed in depth, namely, whether it was error to refuse to remove the compulsory nonsuits, and the rulings related to the exclusion of expert witnesses' testi-

---

9. *See* Pa.R.A.P. 2116, which provides, in relevant part:

The statement of the questions involved must state the question or questions in the briefest and most general terms, without names, dates, amounts or particulars of any kind. It should not ordinarily exceed 15 lines, must never exceed one page, and must always be on a separate page, without any other matter appearing thereon. This rule is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby.

10. We note that notwithstanding the issues addressed herein, Appellants' actions were facially consistent with the design of the appellate system. The voluminous 1925(b) statement was filed to protect the record, and then, after the opportunity to review the record and consider it carefully, only eight of those issues were actually pursued on appeal to the Superior Court.

mony.[11] Super. Ct. slip op. at 8. "Given the trial court's necessarily cursory discussion, our meaningful review of Appellant[s'] issues ... is hampered. Appellant has circumvented the meaning and purpose of Rule 1925(b) and has thereby waived all but [the] first two claims raised on appeal." *Id.* After concluding that Appellants had waived all but those two issues the trial court opinion addressed in a non-cursory fashion, the Superior Court went on to analyze only the nonsuits and expert witness testimony rulings. We granted allowance of appeal.

## V.

■ As a general matter, Appellants argue that the decision below should be reversed because it relies on the *Kanter* decision, which has "cast a cloud of uncertainty" over appellate practice. Appellants contend that litigants face a "minefield" of waiver on vagueness grounds, under the *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998) line of cases, and for raising *too many* issues, following the *Kanter* decision.[12] Brief of Appellant at 33. Appellants' argument, mirrored by amicus curiae Pennsylvania Trial Lawyers Association, is that these dueling requirements force appellants to undertake a daunting "tightrope" walk without any guidance from this Court on how to cross to merits review safely. *Id.*

Appellants' specific arguments for reversal are straightforward and have three essential components. First, Appellants insist that the trial court failed in its duty to prepare an opinion in a timely fashion and that complies with Rule

11. The Superior Court reviewed the merits of the trial court's rulings on these two issues because it deemed they were sufficiently addressed in the trial court opinion. As explained herein, the propriety of the affirmance of those rulings by the Superior Court is not presently at issue in this Court.

12. "In Lord, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925." *Commonwealth v. Butler*, 571 Pa. 441, 445, 812 A.2d 631, 633 (2002). "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925." *Lord*, 553 Pa. at 420, 719 A.2d at 309. Under *Lord*, waiver for non-compliance with Rule 1925 is "automatic." *Butler*, 571 Pa. at 445, 812 A.2d at 633.

1925(a). Second, Appellants contend it was legal error to rely on *Kanter* because *Kanter* was decided after the subject Rule 1925(b) statement was filed. The Superior Court's analysis was also flawed, Appellants contend, because it relied upon *Kanter*, which was a decision based upon an improper usurpation of this Court's rule-making authority. Finally, assuming *arguendo* that this Court finds *Kanter* to have been of precedential value, the Appellants nevertheless posit that the Superior Court erred in relying upon that decision because it was factually distinguishable.

Appellants insist the nature of the instant case is vastly different from the comparatively simple breach of contract dispute at issue in *Kanter*, and even if the holding in *Kanter* survives this Court's review, it should not have been applied to this much more complicated case because the analysis in *Kanter* was inexorably tied to the Superior Court's findings of chicanery and misconduct on the part of those appellants.[13] According to Appellants, the relative simplicity of the *Kanter* litigation was improperly analogized here. No such motives have been levied and found against these Appellants. Thus, they contend, the Superior Court erred in failing to take into consideration the complex nature of this matter when it accepted the trial court's explanation for its cursory analyses.

With regard to the position that the trial court failed in its duty to prepare an adequate, timely opinion, Appellants point out post-trial motions were filed in this matter on August 18, 2003. The trial court eventually denied the post-trial motions on December 10, 2003. Judgment was entered against Appellants on January 8, 2004. The appeal to the Superior Court was noticed the next day, January 9, 2004. Appellants were ordered to file a Rule 1925(b) statement, and timely filed it on February 24, 2004.

Appellants explain that at no point in time was the length of their Rule 1925(b) statement, or the number of issues raised, subject to any complaint by the trial court prior to the opinion

13. By way of example, Appellants suggest that the one hundred and fifty plus written orders docketed in the instant matter evidence the contrast with the *Kanter* litigation, which had only ten.

being issued. "Surely, during that lengthy delay, the trial court could have ordered ... a 'more concise' statement. Instead, without warning, the ... appellate rights were taken away." Brief of Appellants at 35. While the Appellants expected a lengthy trial court opinion given the complicated nature of the case, no opinion was filed even a year after the appeal was noticed.[14] On January 10, 2005, Appellants filed an Application for Relief in the Superior Court seeking an order directing the trial court to file its opinion and transmit the record. The Superior Court granted this request. The trial court completed its opinion and transmitted the record the next day.

Appellants also address this Court's insistence that *Lord* is to be applied prospectively. By analogizing the prospective holding of *Lord,* which expressly required its interpretation of Rule 1925(b) apply "from this date forward," Appellants posit that even if *Kanter* was properly decided and was otherwise applicable to the matter *sub judice,* it should not have been applied because it was not decided until nearly a year after Appellants filed their Rule 1925(b) statement.

Appellees refute Appellants' contention that *Kanter* should not have been retroactively applied. First, they insist that *Kanter* did not announce any new rule. In other words, according to Appellees' interpretation of Rule 1925(b), the prospective holding of *Lord* has no bearing on *Kanter* because *Kanter* announced no new rule. With or without *Kanter,* Appellees further suggest that the prolix 1925(b) statement filed here should have suffered the same fate. Appellants had "clear notice that [their] non-compliant 1925(b) statement would result in waiver of issues on appeal, and the *Kanter* decision did not represent a new rule of law." Brief of Appellees at 12.

As a practical matter, Appellees suggest that requiring counsel to make decisions about which issues will actually be

---

**14.** Pa.R.A.P.1931 provides that a trial court is to transmit the record of a matter on appeal to the appellate court within forty days of the notice of appeal, and has the further duty to, *inter alia,* prepare its opinion pursuant to Rule 1925.

argued on appeal, for purposes of limiting the matters raised in the 1925(b) statement, is not an onerous task and requires only common sense. Appellees are careful not to suggest that the number of issues itself is the problem here. Rather, Appellees point to the lack of genuine intent to argue each of the litany of issues raised before the appellate court. The difference between these two sums, Appellees argue, is what makes Appellant's 1925(b) statement abusive towards the trial court and noncompliant with the intent of the Rule. Appellees suggest that the clear and simple way to discern a violation of Rule 1925 in situations like this is to assess whether an appellant has included issues in the 1925(b) statement that he or she does not actually intend to pursue in the appeal.

Finally, Appellees contend in the alternative that even if this Court were to agree with Appellants that the waiver finding was error, the appeal nevertheless fails because the Superior Court's disposition on the merits of the non-suit and evidentiary issues has rendered consideration of the "waived" issues moot.

## VI.

We agree with Appellants that *Kanter* should not have provided the basis for the Superior Court decision in this matter. As described above, the instant lawsuit is a compli- cated one and, by comparison, Kanter was not. Thus, the factual predicate for the waiver determination in *Kanter* is so different than the facts presented here that we find it inappo- site.[15]

15. Appellants have also argued that the lower courts were wrong to look to the *Kanter* decision because this Court specifically instructed that Lord was to be applied prospectively. This argument proves unavailing. Kanter was not a usurpation of this Court's rule-making authority, as Appellants have suggested. *Kanter* did not, and in fact could not, have operated as a change to Rule 1925. This Court has the exclusive authority to promulgate the Rules of Appellate Procedure. *Kanter* was merely an interpretation of such a Rule. In this way, the *Kanter* decision is unlike Lord; *Lord* "eliminated any aspect of discre- tion" in whether to address claims not included in the Rule 1925(b) statement. *See Butler,* 571 Pa. at 445, 812 A.2d at 633. Thus, we reject the portion of Appellant's argument that suggests *Kanter* should not have been applied retroactively.

■■ Although we have concluded that *Kanter* should not have been applied here, we must yet determine the larger question of whether Appellants waived their right to appellate review by raising so many issues that appellate review was impaired. As a practical matter, we encourage the lower courts to recognize that on rare occasions a party may, in good faith, believe that a large number of issues are worthy of pursuing on appeal.[16]

Appellants have brought forth a complicated multi-count lawsuit with numerous defendants resulting in many trial court rulings. Unlike *Kanter*, the trial court in the instant matter did not find that the Appellants acted in bad faith, intending to deliberately circumvent the meaning and purpose of Rule 1925(b). Rather, we find, counsel for Appellants took his marching orders from the case law requiring that all issues not raised are waived. Given the timeframe in which he had to file his Rule 1925(b) statement and the number of rulings made both before and during trial, it seems eminently reasonable, and certainly not outrageous, that counsel included a large number of issues. We also conclude that the finding in *Kanter* that the trial court had no fault in the matter to be distinguishable. Here, the trial court took over a year to prepare its opinion, and issued it only upon order of the Superior Court.[17,18]

16. We recognize that, as a practical matter, the courts will never be able to completely rule out the possibility that, as Justice Castille suggests in his dissenting opinion, a disgruntled appellant might raise issues on appeal to punish a trial judge who ruled against that party. Thus, the good faith inquiry we suggest is not one that requires a finding of fact, *per se*. Rather, today's holding simply requires that lower courts undertake consideration of whether the circumstance of the lawsuit at issue suggest there is a lack of good faith involved. Only then should a litigant suffer the loss of appellate review due to the volume of issues raised.

17. Trial courts are permitted to order a Rule 1925(b) statement, but there is no requirement that they do so. We note that a Rule 1925(b) statement that contains a large number of issues may impede appellate review in a manner that is different from that addressed in *Lord*. The *Lord* line of cases explained that where such a statement is ordered, vagueness in it results in the impossibility of the trial court preparing its opinion. Impossibility is of course very different from difficulty. Viewed in this construct, the instant case is the analytical opposite of

 In sum, the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice. In a rare case, like *Kanter*, where a trial court concludes there was an attempt to thwart the appellate process by including an exceptionally large number of issues in a Rule 1925(b) statement, waiver may result.[19] While the sheer number of issues raised here posed a considerable burden on the trial court to prepare its Rule 1925(a) opinion, the fact remains that the trial court's attention was directed to this matter for several years prior to trial, for some two weeks during the trial itself, and for approximately a year and a half afterward. Thus, perhaps, the opinion required a longer than usual period to prepare.

 There is a presumption that an attorney licensed to practice law in this Commonwealth, who acts as an officer of the court system, has acted in good faith upon signing a document filed with the court.[20,21] The decision to raise these issues within the mandates of the Rules of Appellate Procedure is one entrusted to counsel. To be sure, counsel could have elected to focus on the few issues he decided were most

*Lord.* Here, the impediment to review was the amount of work it would have taken to address thoroughly each issue raised in the subject Rule 1925(b) statement. The number of issues raised made it difficult, not impossible, for the trial court to prepare its opinion.

18. The revised version of Pa.R.A.P.1925(b) expands the window to file the statement from fourteen under the prior version to "at least" twenty-one days. Pa.R.A.P.1925(b)(2).

19. The holding in this case is consistent with the revised Rule 1925, which now explains that frivolous or redundant issues continue to provide grounds for waiver, and clarifies that a lengthy explanation of the claimed error(s) should not be provided in the statement. Pa.R.A.P. 1925(b)(4)(iv).

20. We note that Pa.R.C.P. 1023.1(c) further explains the significance afforded to the signature of an attorney upon a document filed in our courts.

21. In *Commonwealth v. Castillo*, we noted as much. "It is incumbent upon all lawyers to follow court rules without judicial oversight." 585 Pa. 395, 400 n. 5, 888 A.2d 775, 779 n. 5 (2005) (reaffirming this Court's *Lord* line of cases, and applying that precedent to untimely-filed Rule 1925(b) statements).

likely to result in reversal as a matter of strategy.[22] Other attorneys may have more judiciously narrowed the issues to those they felt were *most likely* to result in a favorable result for the clients. But, in the wake of *Lord,* it was reasonable for Appellants' attorney to err on the side of caution. Although a shorter Rule 1925(b) statement may have proved more effective, counsel's decision not to file one did not, itself, provide a basis to find waiver.[23,24]

## VII.

Despite today's holding, the fact remains that in this case Appellants pursued only eight issues in their appeal to the Superior Court, Therefore, under existing case law, only those eight issues were preserved. *See, e.g., City of Philadelphia v. Schweiker,* 579 Pa. 591, 858 A.2d 75 (Pa.2004) (concluding that the Supreme Court should disregard as abandoned issues not raised in list of questions presented on appeal, not discussed in body of brief, and not included in prayer for

**22.** Although we find no confirmation in the reproduced record, Appellants indicate in their brief filed before this Court that eight issues were briefed before the Superior Court.

**23.** We note that a theme of Appellants' appellate theory is to suggest the trial court was biased against their case. Therefore, we note the possibility that the volume of issues raised in Appellants' Rule 1925(b) statement may well have been for strategic purposes, in order to illustrate to the Superior Court the bias Appellants perceived at the trial court level.

**24.** We also disagree with Appellees' position that only those issues an appellant is certain to argue on appeal should be included in the Rule 1925(b) statement. There is any number of reasons an attorney might include issues in a Rule 1925(b) statement that he or she decides ultimately not to pursue in the appeal. For example, an appellant may not have the trial transcript, or a sufficient opportunity to review the law in light of the transcript, before the Rule 1925(b) statement is due. Also, counsel could be persuaded by the trial court opinion that an issue raised in the Rule 1925(b) statement has no merit, and choose not to pursue that issue before the appellate court. Either of these scenarios, occasioned despite counsel's good faith, could result in the inclusion of issues in a Rule 1925(b) statement that are not briefed or argued in the appellate court. These concerns may prove less troublesome in the future. The revised version of Rule 1925, with its extended timeframe for filing the 1925(b) statement, instructs the appellant to include in the statement "only those rulings that the appellant intends to challenge." Pa.R.A.P.1925(b)(4)(i).

relief); *Krebs v. United Refining Co. of Pennsylvania*, 893 A.2d 776, 797 (Pa.Super.Ct.2006) (holding that the Superior Court will not consider any issue if it has not been set forth in or suggested by the statement of questions involved); *Dunn v. Board of Property Assessment, Appeals and Review of Allegheny County*, 877 A.2d 504 (Pa.Cmwlth.Ct.2005) (finding that taxpayers waived all claims not set forth or suggested in portion of their appellate brief setting forth the statement of questions involved). We further note that of the eight issues Appellant preserved, the Superior Court addressed the merits of two of them. Appellant chose not to appeal one of these issues, and we declined to review the other.[25]

 For these reasons, although Appellants would have this Court remand to the trial court with instructions to prepare an opinion addressing all issues raised in the 1925(b) statement, in this case our remand must be to the Superior Court. We therefore remand this matter to the Superior Court with instructions to address only the eight issues preserved in the Pa.R.A.P. 2116 statement. Should the Superior Court require a more comprehensive Rule 1925(a) opinion on those issues, it may remand to the trial court.

Jurisdiction is relinquished.

Justice BAER and FITZGERALD join the opinion.

Justice SAYLOR files a concurring opinion.

Chief Justice CAPPY concurs in the result.

Justice CASTILLE files a dissenting opinion.

Justice EAKIN files a dissenting opinion.

**25.** We are mindful that Appellants argue that all of their issues are inter-related and that the Superior Court's rejection of the two claims it considered was a consequence of the court's failure to consider the other issues before it. Consideration of that argument, however, is outside our limited grant of allocatur and is not for us to decide. Rather, on remand, the lower courts would have to address any bar to relitigating the two issues the Superior Court decided *sub judice*, including law of the case considerations.

Justice SAYLOR, Concurring.

Other than by application of the doctrine of *stare decisis*, I have not supported the strict waiver approach deriving from *Lord*, and I do not support an expansion of that doctrine. In this case, I believe that the trial and intermediate appellate court had reasonable alternatives short of the drastic sanction of outright dismissal to address the apparent lack of conciseness in the statement of matters complained of on appeal. Accordingly, I support the plurality's ultimate disposition.

Justice EAKIN, Dissenting.

I dissent, as I believe appellant waived appellate review by raising a quantity of issues in her Pa. R.A.P.1925(b) statement sufficient to impair meaningful review.

Rule 1925(b) provided: [1]

> The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa.R.A.P.1925(b). This Rule required appellant, when directed, to file a concise statement of the matters complained of on appeal.

"Rule 1925 is [] a crucial component of the appellate process." *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 308 (1998). "[It] is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal." *Id.* This Rule guarantees a trial judge's ability to focus on the issues raised, and to allow for meaningful and effective appellate review. *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771, 774 (2005). The Rule is there for a meaningful purpose, which purpose is defeated by scattershot prolixity such as this.

---

**1.** Rule 1925 has been amended, and the text of those amendments was effective July 25, 2007.

The trial court ordered appellant "to file a concise, self-contained and intelligible statement of the matters complained of on [][a]ppeal. . . ." Trial Court Order Pursuant to Pa.R.A.P. 1925(b), 2/10/04. The order informed appellant "non-compliance with this Order may be deemed a waiver of all objections to the Order or other matters complained of on Appeal." *Id.* Appellant, however, filed a statement that did not comply with either the language or purpose of Rule 1925. Appellant's 15-page statement consists of nearly 30 issues and sub-issues, each of which includes argument. Such a statement did not aid the trial court in identifying the issues appellant planned to raise on appeal; rather, the trial court found it "ha[d] been greatly impeded in its ability to prepare on [sic] Opinion that fully and cogently discusses the issues [appellant] intend[ed] to raise on appeal due to the number of issues [appellant] ha[d] raised in her 1925(b) statement." Trial Court Opinion, 2/1/05, at 6.

There comes a point when too much is simply too much. Appellant's statement was not concise and did not aid the trial court in focusing on the issues she planned to raise on appeal. Since appellant failed to comply with Rule 1925(b) by not providing the court with a concise statement of the issues she intended to raise on appeal, I would uphold the ruling of the Superior Court.

Justice CASTILLE, Dissenting.

I join Mr. Justice Eakin's Dissenting Opinion. I write separately in dissent because I respectfully take issue with certain of the plurality's broad pronouncements and because my view on the appropriate response to situations like the one *sub judice* differs greatly from the approach taken by the plurality.

Preliminarily, I note that the plurality poses the issue on appeal as being whether appellants waived "their right to appellate review" by raising a quantity of issues significant to impair meaningful appellate review. Op. at 371, 383, 385–86, 938 A.2d at 420, 427, 429. Although this Court framed the issue in that manner in our limited grant of allocatur, the

Superior Court did not determine that appellants waived their right to appellate review; instead, the panel's ruling was issue-specific. Thus, the panel reviewed the two claims it found were susceptible to meaningful review and deemed waived the six claims where review was impaired by the absence of a helpful explanation in the trial court's opinion. (The deficiency in the trial court opinion was a consequence of the prolix Pa.R.A.P.1925(b) Statement of Matters Complained of on Appeal filed by appellants.) In short, appellants were afforded appellate review, but that review was restricted. This case, therefore, is not like *Kanter v. Epstein*, 866 A.2d 394 (Pa.Super.2004), *alloc. denied*, 584 Pa. 678, 880 A.2d 1239 (2005), *cert. denied*, 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006), where all appellate review was deemed waived due to a Rule 1925(b) abuse.[1]

Turning to the merits of the procedural issue posed, I have difficulty with the following broad statements and "findings" in the plurality opinion: (1) its finding that appellants' counsel "took his marching orders" from the Rule 1925(b) case law; (2) its finding that it was "eminently reasonable" for counsel to file the prolix statement in this case; (3) its suggesting that the trial court was dilatory in responding to the lengthy statement; (4) its broad holding that "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice"; and (5) its stating that the ultimate test for waiver under Rule 1925(b) depends upon the appellant's good faith. Op. at 379–82, 938 A.2d at 424–26. This Court, like the

---

1. The plurality rightly rejects appellant's invitation to render a gratuitous holding that *Kanter* should not have been retroactively applied to the matter *sub judice* because the Rule 1925(b) statement in this case was filed before the *Kanter* decision. I would note, however, that the fact that the Superior Court lacks the power to promulgate general rules of procedure does not mean that it lacks the power to adopt internal procedures intended to standardize its approach to recurring questions, such as disputes under Rule 1925(b), and to make those procedures prospective. Thus, for example, in cases where a panel considers that a Rule 1925(b) violation may warrant a finding that appellate review of some or all claims should be denied, the court could adopt an intermediate step such as a rule to show cause, allowing the appellant to explain and perhaps to amend his pleadings.

Superior Court, is not a court of record with fact-finding capacity or function. Therefore, I can perceive no reason gleaned from the record why counsel in this case filed the prolix Rule 1925(b) statement. I also do not know that it was "eminently reasonable" to burden the trial judge with scores of claims and subclaims in a Rule 1925(b) statement, when appellants obviously could not pursue that laundry list in their appellate brief (and in fact appellants pursued "only" eight claims). Further, I believe that appellants share much of the responsibility for the delay in the trial court's preparation of its opinion. Opinion writing is but one of many duties facing trial courts, and a litigant who burdens a trial court with scores of claims should expect that the opinion will take time to prepare and cannot be a priority over other waiting litigants. I also part ways with the plurality's general observations because it seems clear to me that the plain language of Rule 1925(b) permits holding, in an appropriate case, that the number of issues raised is so abusive as to warrant a trial judge in deeming all appellate claims to be waived, and the Rule permits the appellate court to respect that finding. And finally, since we lack fact-finding capacity, I fail to see how a good faith standard is workable. Indeed, the five points made by the plurality with which I take issue are matters which the trial judge is best suited to address in the first instance. I suspect that the trial judge might disagree with the plurality's assessment of good faith.[2]

2. The plurality finds good faith only via the back-door: *i.e.*, it infers good faith from the fact that "the trial court did not find that Appellants acted in bad faith." Op. at 373, 938 A.2d at 421. Since the non-textual "good faith" standard manufactured by the plurality did not exist until today, there is no basis for such an inference. Proper application of the plurality's standard would require a remand.

As a general matter concerning "good faith," I would not be so naive as to overlook the fact that a prolix Rule 1925(b) statement may be filed by a disgruntled appellant merely to overburden or "punish" the trial judge who, after all, ruled against the appellant. Today's plurality decision, which would require the indulgence of Rule 1925(b) statements raising unlimited numbers of claims, encourages trial judges not to waste their time addressing **any** claims in such cases, but instead to await the determination of the appellate court—once the appellant responsibly limits his issues in appellate briefing—concerning which claims to address. This regime subverts the very efficiency for which the Rule was designed. Perhaps we should return to the more time-

Ultimately, I dissent because the waiver issue here was a natural result of appellants' own Rule 1925(b) conduct, and appellants took no action to protect their interests. Rule 1925(b) permits flexibility. A trial judge faced with a "concise" statement which in fact encompasses sixty-plus issues and sub-issues (with more issues implicated by a reference to the appellant's post-verdict motions and eighty-three page brief in support), and knowing that the appellant cannot possibility pursue the vast majority of those claims on appeal without leave of the appellate court, could issue a supplemental Rule 1925 order, or a rule to show cause, to correct the prolixity. By the same token, an appellant faced with such an order—or faced with a trial court opinion finding prolixity-based waiver—could seek reconsideration to justify the laundry list or, more responsibly, to amend its statement and whittle the claims down—just as appellants whittled away claims here in preparing their Superior Court brief. Or, the appellant could request the appellate court to remand the matter for an opinion addressing the select issues the appellant ultimately decided to pursue.[3] An appellate court faced with claims in a brief that were not addressed in the lower court opinion because of Rule 1925(b) prolixity, rather than finding the bulk of the clams waived, has the power to remand the case for a supplemental opinion limited to the few claims the appellant actually decided to pursue on appeal. In this

consuming, but substantive and issue-winnowing, regime that existed when trial court opinions were filed as the final stage of the post-verdict motion process. A trial judge can more easily manage these types of pleadings, and an appellant is less likely to be abusive, when the case remains squarely within the trial judge's jurisdiction.

3. The plurality seems to be impressed by appellants' complaint that the trial court did not *sua sponte* direct appellants to file a "more concise" statement before finding waiver. Although the trial court has this power, nothing in the Rules obliges it to so act. Moreover, why is the trial court's failure to direct an amendment more significant than appellants' failure to request leave to cure the prolix statement? In this regard, we should not lose sight of the significance that the trial court's opinion, finding waiver, was filed the very day after appellants secured an order from the Superior Court directing the trial court to file its opinion and the record forthwith. Perhaps appellants should have been as vigilant concerning their own lapses as they were concerning the perceived lapse by the trial court.

case, appellants took no remedial action in the face of the trial court's perfectly reasonable finding that the number of claims raised impaired its ability to file a timely and comprehensive opinion. Based upon the plain language of Rule 1925, a finding of waiver by the appellate court in such circumstances is not an abuse of discretion.

The plurality overlooks appellants' lapses. Ultimately, the plurality decision (1) would permit the filing of prolix statements as of right, without leave or explanation; (2) would absolve appellants of any duty to seek to modify Rule 1925(b) pleadings or to take any remedial action once faced with a suggestion of waiver; and (3) would require the appellate court to entertain all claims so listed, if pursued in appellate briefing, even when the trial court did not address them. This "solution" is not suggested by the text of the Rule. The solution rewards litigants who primarily have themselves to blame for their dilemmas. And the solution overlooks the dilemma our busy trial judges face when prolix Rule 1925(b) statements are filed, without requesting leave to ignore the "concise" requirement. Why should a trial judge have to write to sixty claims when the appellant in fact will pursue only eight claims on appeal?

Under Rule 1925(b), the power to find issue-specific waiver in a case such as this is vested in the discretion of the appellate court. I agree with appellees that the discrepancy between the number of issues appellants listed in their Rule 1925(b) statement, and the number of claims actually pursued in their appellate brief, supports the panel's findings that certain claims were waived. Moreover, appellants, who took no action to protect their appeal rights even after being apprised that the trial judge announced that the prolix statement impaired its ability to write a comprehensive opinion, have not shown an abuse of discretion in the panel's decision.

I respectfully dissent.