IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Foster Township | : | |
| | : | |
| v. | : | No. 1428 C.D. 2021 |
| | : | |
| Farida B. Rahman, | : | Submitted: October 21, 2022 |
| Appellant | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE LORI A. DUMAS, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: September 22, 2023

Farida B. Rahman (Rahman), *pro se*, appeals from the November 16, 2021 order of the Court of Common Pleas of Luzerne County (trial court), which denied her "Motion with Notice, Request to Judge et al., for an Injunction" (Motion).  Upon review, we affirm.

## I.   Facts and Procedural History

Rahman owns real property at 53 Prescott Road, White Haven, which is located in Foster Township (Township), Luzerne County, Pennsylvania.  Since approximately 2011, Rahman has been involved in ongoing collection matters and other litigation with the Township concerning a sewer connection on her property. (Reproduced Record (R.R. at A.68.)

In September 2021, the Township filed a civil complaint against Rahman for unpaid sewer bills, and the trial court entered a municipal lien for monetary damages in the amount of $9,146.55.  On November 1, 2021, Rahman filed the Motion.

On November 16, 2021, the trial court denied Rahman's Motion. On November 19, 2021, Rahman filed a Motion for Reconsideration, which was denied on November 24, 2021. Rahman filed a timely appeal to this Court on December 15, 2021. On December 17, 2021, the trial court ordered Rahman to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 1925(b) (Concise Statement), which Rahman timely did. In her Concise Statement, Rahman simply referenced and attached statements of errors that she asserted against the Township that were not related to the trial court's ruling on the underlying Motion. On January 6, 2022, the trial court filed its Pa. R.A.P. 1925(a) opinion (Trial Court Op.), stating:

> [Rahman] has failed to preserve any issues for appeal by filing an unintelligible [C]oncise [S]tatement[,] and accordingly this appeal should be quashed. Alternatively, if [the court] should find that [Rahman] did preserve an issue for appeal, then it is clear that given the explicit requirements for a preliminary injunction that this court did not err in denying [Rahman's] request.

(Trial Court Op. at 9.) By order dated March 11, 2022, this Court directed the parties to address in their principal briefs on the merits whether Rahman has preserved any issues for appellate review.

## II. Discussion
### A. Waiver

Before addressing the merits of Rahman's appeal, we first address whether any issues raised in Rahman's appeal have been preserved for appellate review.[1]

---

[1] This Court's review is limited to determining whether the trial court's findings of fact are supported by substantial evidence, or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 13 A.3d 541 (Pa. Cmwlth. 2010).

Pennsylvania Rule of Appellate Procedure 1925(b)(4)(ii) provides that an appellant's concise statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa. R.A.P. 1925(b)(4)(ii). "Issues not included in the [concise] [s]tatement and/or not raised in accordance with 1925(b)(4) are waived." Pa. R.A.P. 1925(b)(4)(vii). The parameters of a sufficiently concise 1925(b) statement are clear. Courts are required to address, on the merits, all issues raised in good faith. *Eiser v. Brown & Williamson Tobacco Corp.*, 938 A.2d 417, 420 (Pa. 2007). Even if the trial court correctly guesses the issues an appellant raises and writes an opinion pursuant to that supposition, the issues are still waived. *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2004).[2]

We agree that Rahman's issues are waived because the Concise Statement did not assist the trial court to accurately ascertain the errors complained of on appeal. Rahman's Concise Statement does not assert that the trial court erred in its decision denying her Motion. Instead, the Concise Statement discusses the alleged errors the Township committed towards Rahman, as if attempting to re-litigate the facts that were in front of the trial court relating to the Township's civil complaint.[3] In addition, none

---

[2] Although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021). The Superior Court case cited herein is relied on for its persuasive value.

[3] Rahman raises the following issues:

**(Footnote continued on next page…)**

3

of the issues mentioned in the Concise Statement relate to the errors of the trial court. Therefore, Rahman's issues are waived. Even if we did not find waiver for failure to file the Concise Statement in accordance with Rule 1925(b), the issues are waived for the additional reason that Rahman did not sufficiently develop her arguments with citation to relevant legal authorities and the record in her brief to this Court. *Berner v. Montour Township*, 120 A.3d 433, 437 n.6 (Pa. Cmwlth. 2015) (ruling that a party's failure to sufficiently develop an issue in a brief constitutes waiver of the issues); *see also* Pa. R.A.P. 2119(a).

### B. Preliminary Injunction

Mindful of Rahman's *pro se* status, we nonetheless offer a brief explanation of why, even if she had not waived her arguments, we would affirm the trial court's denial of the Motion.

On appeal from the grant or denial of a preliminary injunction, a reviewing court does not inquire into the merits of the controversy, but only examines the record to determine if there were any apparently reasonable grounds for the action of the court below. *Roberts v. Board of Directors of the School District of Scranton*, 341 A.2d 475, 478 (Pa. 1975). Only if it is apparent that no grounds exist to support the decree, or

---

(1) [Rahman] [does] not owe [] money to the sewer provider, [the Township]; (2) [The Township was granted] an illegal judgment against [Rahman]; (3) [The Township already received] the money and did not correct the balance [owed]; (4) Thomas J. Jones Jr., (Rahman's former counsel) [received money from Rahman's account] for legal work, but he [allegedly] forged a letter and sent it to the [trial court] judge; (5) [The Township] is in violation of Res Judicata and violated [Rahman's] [Fourteenth] Amendment [U.S. Const. amend. XIV] rights; and (6) [Rahman] did not receive [the] letter which [the Township] filed with [the trial] court.

4

that the rule of law relied upon was palpably erroneous or misapplied, will the court interfere with the decision of the common pleas court sitting in equity. *Id.*

In order to obtain a preliminary injunction, a petitioner must establish: (1) relief is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by money damages; (2) greater injury will occur from refusing to grant the injunction than from granting it; (3) the injunction will restore the parties to their status quo as it existed before the alleged wrongful conduct; (4) the petitioner is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the public interest will not be harmed if the injunction is granted. *Berwick Township v. O'Brien*, 148 A.3d 872, 890 (Pa. Cmwlth. 2016).

Rahman's request for a preliminary injunction fails on the first required element. The filing of a municipal lien for unpaid sewer fees does not result in any immediate or irreparable harm to Rahman. The trial court confirmed with the Township's counsel that the Township is not prepared to take action which would result in removing Rahman from her house. (November 15, 2021, Trial Court Hearing Transcript at 23-25.) The Township is simply availing itself of a statutorily available remedy for unpaid sewer fees pursuant to Sections 3 and 9 of the Municipal Claims and Tax Liens Act (MCTLA).[4] 53 P.S. § 7106 and § 7143. There is a specific procedure to challenge a municipal lien.[5] Finally, the only remedy Rahman requests in all of the filings is monetary damages, which cannot be accomplished with granting

---

[4] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505.

[5] Under Section 16 of the MCTLA, a property owner may dispute a lien by requesting a lienholder to issue a writ of scire facias. 53 P.S. § 7184. "After the lienholder issues the writ, the owner may file an affidavit, pursuant to Section 14 of the MCTLA, 53 P.S. § 7182, raising defenses to the lien, such as actual payment of taxes, a defective claim or lien, fraud, or lack of process or notice." *Roethlein v. Portnoff Law Assocs., Ltd.*, 81 A.3d 816, 818 (Pa. 2013).

5

a preliminary injunction.  Therefore, the trial court did not err in denying Rahman's Motion.

### III.    Conclusion

Accordingly, we conclude that Rahman has failed to preserve any issues for appellate review and affirm the trial court's order.


_____

PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Foster Township            :
                                    :
             v.                  :      No. 1428 C.D. 2021
                                    :
Farida B. Rahman,          :
                 Appellant     :

## ***ORDER***

AND NOW, this 22nd day of September 2023, the order of the Court of Common Pleas of Luzerne County dated November 16, 2021, is hereby AFFIRMED.

 

_____
PATRICIA A. McCULLOUGH, Judge