J-A01021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| N.E.G. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| J.Z.M. | : | |
| | : | |
| | : | No. 611 EDA 2024 |
| APPEAL OF: JOSEPH F. RIZZO | : | |

Appeal from the Order Entered January 11, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2017-28078

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM PER CURIAM:                    **FILED MAY 6, 2025**

Appellant, Joseph F. Rizzo, Esquire, appeals from the order entered in the Montgomery County Court of Common Pleas, which found him in contempt of court.  We affirm.

Briefly, the relevant facts and procedural history of this case are as follows.  N.E.G. ("Mother"), and J.Z.M. ("Father"), are in the midst of a very contentious custody battle over their three children.  On August 25, 2023, the trial court issued a rule to show cause for both of Mother's attorneys, Appellant, and Richard Ducote, Esq., concerning their non-compliance with various orders issued by the trial court, this Court, and our Supreme Court. On September 8, 2023, the court conducted a contempt hearing concerning

both Appellant and Attorney Ducote.[1]  The hearing continued on November 27, 2023, where, in addition to the contempt decision, the court addressed myriad motions and petitions filed by the parties.[2]

On January 11, 2024, the trial court issued its findings of fact. Specifically, the court found that 1) both Appellant and Attorney Ducote understood the court orders requiring their appearance at a July 17, 2023 proceeding, and still refused to obey the court's order and failed to appear at the hearing; 2) both Appellant and Attorney Ducote were aware of the court's order directing Mother to comply with a mental health evaluation and orchestrated Mother disobeying the order; 3) both Appellant and Attorney Ducote willfully and intentionally refused to direct Mother to comply with

_____

[1] In its opinion, the trial court explained:

> The conduct of Mother's counsel has been so egregious that this [c]ourt felt compelled to commence a contempt proceeding on its own motion.  This is the first time that the undersigned has had to bring a contempt proceeding against counsel despite the fact that the undersigned has presided over thousands of cases as a judge.  In her 14 years on the bench, the undersigned has never had a case that has risen to such an abhorrent level of conduct.

(Trial Court Opinion, dated 1/11/24, at 15).  The trial court went on to state that the contempt hearing was brought by the court "to vindicate the dignity and authority of [the trial court] and the judicial system by sanctioning Mother's counsel for their disobedience of the [c]ourts' [o]rders and to compensate Father for the significant unnecessary legal fees he has been forced to incur due to counsel's contemptuous conduct."  (*Id.* at 15-16).

[2] The details of those motions and petitions are not relevant to the instant appeal.

various court orders directing her to cease attempting to introduce as evidence various photographs of the parties' children without complying with the court's direction to verify the nature and origin of the photographs; 4) both Appellant and Attorney Ducote communicated with the minor children and took sworn depositions of the children despite the trial court's order directing counsel not to communicate with the children; and 5) both Appellant and Attorney Ducote were aware of the court's order directing counsel to cease attempting to file documents on the docket by mischaracterizing the nature of the filings, and nevertheless refused to obey the court's order and continued to submit the filings. (*See* Trial Court Opinion, dated 1/11/24, at 2-15). The court found that this willful refusal to comply with the court's orders constituted indirect criminal contempt. Therefore, the court imposed sanctions on counsel in addition to an award of attorney's fees.[3] Finally, the court denied an oral motion that the trial court judge recuse herself from the custody matter.

Appellant filed a timely notice of appeal on February 9, 2024. On February 14, 2024, the trial court issued an order directing Appellant to file a

_____

[3] The court imposed sanctions against Appellant in the amount of $8,000.00 and against Attorney Ducote in the amount of $12,000.00. With respect to attorney's fees, the trial court found that "the fees incurred that are attributable to the contemptuous conduct of [Appellant] amount to $18,280 and the fees incurred that are attributable to the contemptuous conduct of Attorney Richard Ducote amount to $45,162." (Trial Court Opinion, dated 1/11/24, at 23). The court explained that Appellant may purge himself from the $8,000.00 sanctions by payment of the total award of counsel fees within 30 days of the date of the order.

concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

Appellant filed his statement on March 5, 2024.

Appellant raises the following four issues on appeal:

1. Did the trial court make an error of law and abuse its discretion when Judge Wall prosecuted her own contempt action in violation of law pursuant to **Mayberry v. Pennsylvania**, 400 U.S. 455 (1971).

2. Judge Wall abused her discretion and made an error of law of when she found [Appellant] in contempt when there were no Orders that he violated.

3. Did the trial court make an error of law and abuse its discretion when Judge Wall struck and deleted filings from the docket by counsel that demonstrated bias.

4. Did the trial court make an error of law and abuse its discretion [it] when wrongly held both Attorneys Ducote and [Appellant] responsible for the Appeals at 1506 EDA 2023, 1755 EDA 2023, 1995 EDA 2023, 2015 EDA 2023, 2016 EDA 2023 when the evidence proved that they were either filed by Attorney Ducote or [Appellant] and both attorneys were put down as counsel because both represented Mother in the [trial] court.

(Appellant's Brief at 8).

As a preliminary matter, we must determine whether Appellant's issues have been properly preserved for our review for non-compliance with Rule 1925(b). **See Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1998).

Our Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirement of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised. Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention. …

**Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.**,

88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (internal citations and quotation marks omitted) (emphasis in original).

> Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues.

*Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007), *aff'd*, 602 Pa. 147, 977 A.2d 1170 (2009) (citations, brackets and some internal quotation marks omitted). *See also Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 (Pa.Super. 2008), *appeal denied*, 598 Pa. 775, 958 A.2d 1048 (2008) (deeming appellate issues waived based on five-page "concise" statement that was "incoherent, confusing, redundant, defamatory rant").

We recognize that "on rare occasions a party may, in good faith, believe that a large number of issues are worthy of pursuing on appeal." *Eiser v. Brown & Williamson Tobacco Corp.*, 595 Pa. 366, 383, 938 A.2d 417, 427 (2007). However, "where a trial court concludes there was an attempt to thwart the appellate process by including an exceptionally large number of

issues in a Rule 1925(b) statement, waiver may result." ***Id.*** at 384, 938 A.2d at 428.

Instantly, the trial court explained:

> [Appellant's] concise statement of matters complained of on appeal consisting of seventy-two (72) paragraph and subparagraph statements is an outrageously lengthy, omnibus list of grievances that Appellant makes against this court not only in this custody case, but in a protection from abuse proceeding filed by Mother, which was denied. The filing of such a statement is an attempt to overwhelm this court and circumvent the meaning and purpose of Rule 1925(b). It is an incoherent, confusing, redundant, defamatory rant of accusations that have been spewed over and over again against this court in [Appellant's] multitude of filings on Mother's behalf and at every court appearance in this custody proceeding. [Appellant] is merely using his concise statement as another avenue to continue his deluge of complaints about this court and the judicial system. Such conduct is a breach of [Appellant's] duty of good faith and fair dealing with this court.

(Trial Court Opinion, dated 4/10/24, at 10) (unnecessary capitalization and internal quotation marks omitted).

Upon review, we agree with the trial court that Appellant's Rule 1925(b) statement is not concise and did not aid the trial court in focusing on the issues he planned to raise on appeal. We further agree with the trial court that, much like Appellant's voluminous filings as Mother's counsel, the statement reveals a deliberate attempt to circumvent the purpose of Rule 1925(b) and to overwhelm the court system. ***See Jiricko, supra***. Therefore, we conclude that waiver of Appellant's issues is warranted. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>5/6/2025</u>