J-S45002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LIZA R. MOUSIOS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| WEST END FAIR ASSOCIATION, | : | |
| ALAN GANNON, THOMAS HARTFORD | : | |
| AND VITO CUSUMANO | : | |
| | : | |
| Appellees | : | No. 3042 EDA 2016 |

Appeal from the Order August 8, 2016
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  No. 6127-CV-2013

BEFORE:   GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 24, 2017**

Appellant, Liza R. Mousios, appeals from the order entered in the Monroe County Court of Common Pleas, which granted summary judgment in favor of Appellee, Alan Gannon, and dismissed Appellant's tort complaint with prejudice.  For the following reasons, we affirm.

The relevant facts and procedural history of this case are as follows. On July 22, 2013, Appellant filed a complaint alleging West End Fair Association ("West End"), Appellee, Thomas Hartford, and Vito Cusumano[1]

---

[1] Nothing in the certified record shows Appellant ever properly served her complaint on Mr. Cusumano or made him a party to this action.  Not every name in the caption of a complaint is necessarily a "party" to the action;
*(Footnote Continued Next Page)*

---

*Retired Senior Judge assigned to the Superior Court.

were liable for assault, battery, and malicious prosecution as the result of an incident that occurred at the West End Fair on September 4, 2011. While at the fair, Appellant broke into a vehicle she did not have permission to access. Appellee and Mr. Hartford, who both served as fair security, detained Appellant with handcuffs until police arrived. Appellant resisted, kicked, screamed, and told the men they were going to paralyze her. When police arrived, they told Appellant to leave the fair and cited her for disorderly conduct. After leaving the fair, Appellant visited the emergency room of a local hospital, complaining of pain from the alleged assault.

West End filed a motion for summary judgment on January 12, 2015, which the court later granted on May 26, 2015. On May 13, 2015, both Appellee and Mr. Hartford also filed motions for summary judgment. Appellant responded to Appellee's summary judgment motion and filed a motion for recusal of the trial judge on June 1, 2016, arguing a lack of fairness and impartiality. The court granted Appellee and Mr. Hartford's summary judgment motions and dismissed the case on June 6, 2016; the

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

parties to the action are those named in the record and who are served with process or enter an appearance. _**Hill v. Ofalt**_, 85 A.3d 540, 546 n.5 (Pa.Super. 2014) (holding third defendant named in complaint did not become "party to the action," where appellant failed to serve original process on that defendant and no attorney entered appearance on that defendant's behalf; order dismissing complaint against two remaining defendants constituted final appealable order because it disposed of all claims against only "parties to the action"). Thus, we have no jurisdictional impediments to our review.

- 2 -

court also denied Appellant's recusal motion.

On June 16, 2016, Appellant filed a motion for reconsideration claiming the court had not examined some of the exhibits Appellant had attached to her response to Mr. Hartford's motion only, but had not attached to her response to Appellee's motion. The court granted the motion to reconsider on June 22, 2016, and vacated the prior summary judgment in favor of Appellee and Mr. Hartford. After Appellee filed a response on July 5, 2016, to Appellant's motion for reconsideration, the court again entered summary judgment in favor of Appellee and Mr. Hartford on August 8, 2016.

On September 6, 2016, Appellant timely filed a *pro se* notice of appeal. On September 26, 2016, the court ordered Appellant to file a statement of errors complained of on appeal pursuant to Rule 1925(b), and Appellant complied on October 12, 2016. Appellant unilaterally filed a supplemental Rule 1925(b) statement on October 13, 2016.

Appellant presents thirty-eight issues in her brief; the following represents a paraphrase of her main issues on appeal:

> [DID THE COURT ERR BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE?]
>
> [DID THE COURT ERR BY DENYING APPELLANT'S RECUSAL MOTION?]

(Appellant's Brief at 19-24).

As a prefatory matter, Rule 1925(b) of the Rules of Appellate Procedure in relevant part provides:

**Rule 1925.  Opinion in Support of Order**

\*    \*    \*

**(b)  Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\*    \*    \*

(4)   *Requirements; waiver.*

(i)    The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii)   The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.   The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

(iii)   The judge shall not require appellant or appellee to file a brief, memorandum of law, or response as part of or in conjunction with the Statement.

(iv)  The Statement should not be redundant or provide lengthy explanations as to any error.   Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

(v)   Each error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court; this provision does not in any way limit the obligation of a criminal appellant to delineate clearly the scope of claimed constitutional errors on appeal.

> (vi) If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.
>
> (vii) **Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived**.

Pa.R.A.P. 1925(b)(4) (some emphasis added). Recently, this Court stated the following regarding lengthy Rule 1925(b) statements:

> We begin by discussing a similar case, ***Kanter v. Epstein***, 866 A.2d 394, 401 (Pa.Super. 2004), in which this Court held that the appellants' attempt to raise 104 issues in their [Rule] 1925(b) statement "deliberately circumvented the meaning and purpose of Rule 1925(b) and…thereby effectively precluded appellate review of the issues [they sought] to raise." In ***Kanter***, a panel of this Court found that the defendants in a relatively straightforward breach of contract action had violated the rules of appellate procedure and the duty of dealing in good faith by raising an outrageous number of issues in their 1925(b) statements. This Court found that the only "motive underlying such conduct is to overwhelm the court system to such an extent that the courts are forced to throw up their proverbial hands in frustration." ***Id.*** at 402.
>
> However, in a subsequent decision in ***Eiser v. Brown & Williamson Tobacco Corp.,*** 595 Pa. 366, 938 A.2d 417 (2007) (Baldwin, J., plurality), our Supreme Court provided…"the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." ***Id.*** at 384, 938 A.2d at 427–28. However, the Supreme Court distinguished the underlying facts of ***Eiser,*** indicating that unlike ***Kanter,*** the appellants had a reasonable basis to include a large number of issues in their 1925(b) statement as they had filed a complicated lawsuit with

numerous counts and multiple defendants that resulted in a large number of trial court rulings.

Nevertheless, the Supreme Court in *Eiser* indicated that in a rare case, like *Kanter,* where a trial court concludes there was an attempt to thwart the appellate process by including an exceptionally large number of issues in a Rule 1925(b) statement, waiver may result. *Id.* at 384, 938 A.2d at 428. While the trial court in *Eiser* did not find that the appellants had acted in bad faith by filing a lengthy [Rule] 1925(b) statement, the Supreme Court acknowledged that a disgruntled appellant could file a voluminous [Rule] 1925(b) statement in retaliation against a trial judge who did not rule in [the appellant's] favor. As a result, the Supreme Court required lower courts to determine whether the circumstances indicate that the appellant's action was motivated by bad faith. *Id.* at 383, 938 A.2d at 427 n.16.

More recently, in *Jiricko v. Geico Ins. Co.,* 947 A.2d 206, 210 (Pa.Super. 2008), this Court emphasized that a [Rule] 1925(b) statement must be "sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." After analyzing the decisions in *Eiser* and *Kanter,* this Court found that as the appellant in *Jiricko* filed a [Rule] 1925(b) statement characterized as an incoherent, confusing, redundant, defamatory rant, the appropriate remedy was to find waiver of the appellant's claims.

*Mahonski v. Engel*, 145 A.3d 175, 180-81 (Pa.Super. 2016).

As an additional preliminary matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327 (Pa.Super. 1999) (stating *pro se* status does not entitle party to any particular advantage due to lack of legal training). Accordingly, a *pro se* litigant must comply with the procedural rules set forth

in the Pennsylvania Rules of Court. ***Jones v. Rudenstein***, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). Appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Rosselli v. Rosselli***, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

The applicable rules of appellate procedure mandate that an appellant's brief shall consist of the following matters, separately and plainly entitled and in the following order:

(1)  Statement of jurisdiction.
(2)  Order or other determination in question.
(3)  Statement of both the scope of review and the standard of review.
(4)  Statement of the questions involved.
(5)  Statement of the case.
(6)  Summary of argument.
(7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8)  Argument for appellant.
(9)  A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a). Additionally, regarding the statement of questions involved, Rule 2116(a) provides:

### Rule 2116. Statement of Questions Involved

**(a) General rule.**—The statement of the questions involved must state **concisely** the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby. Each question shall be followed by an answer stating simply whether the court or government unit agreed, disagreed, did not answer, or did not address the question. If a qualified answer was given to the question, appellant shall indicate the nature of the qualification, or if the question was not answered or addressed and the record shows the reason for such failure, the reason shall be stated briefly in each instance without quoting the court or government unit below.

Pa.R.A.P. 2116(a) (emphasis added). Moreover, as to the argument section of an appellate brief, Rule 2119(a) provides:

### Rule 2119. Argument

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

Importantly, where an appellant fails to raise or properly develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, we will not consider the merits of the claims raised on

appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where appellant failed to set forth adequate argument concerning claims on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's Rule 1925(b) statement contained sixty alleged errors. The trial court found Appellant had "acted in bad faith, intending to deliberately circumvent the meaning and purpose of Rule 1925(b)." (Trial Court Opinion, filed November 7, 2016, at 1). Additionally, the trial court found that Appellant's statement was "not only lengthy, but also incoherent and defamatory." ***Id.*** The court therefore concluded Appellant had waived her issues for purposes of appellate review. ***Id.***

Further, Appellant is *pro se* on appeal and the defects in her brief are quite substantial. Appellant's brief lacks a conclusion stating the precise relief sought, copies of the trial court opinions, and a copy of her Rule 1925(b) statement. *See* Pa.R.A.P. 2111(a)-(b). The other portions of her brief also fail to follow the rules of appellate procedure. First, Appellant raises thirty-eight issues in her statement of questions presented, many of which are repetitive. *See* Pa.R.A.P. 2116(a). Despite the numerous issues raised, Appellant only has one section of argument. *See* Pa.R.A.P. 2119(a). Appellant also does not include citations to the record and cites non-binding law. *See* Pa.R.A.P. 2119(a). The most problematic aspect of Appellant's brief, however, is her failure to provide developed arguments in support of her issues; Appellant's argument is rambling, repetitive, and often incoherent. *See* Pa.R.A.P. 2119. Given the extensive defects in Appellant's brief, her issues are waived on this ground as well.

Notwithstanding waiver, in all fairness to Appellant, we attempt to summarize what Appellant ostensibly contends in her argument section. Appellant disputes only the court's entry of summary judgment in favor of Appellee. Appellant also argues that the trial judge should have recused himself from the case due to his "prejudicial" remarks at a pre-trial conference. Appellant further contends the trial court erred in ignoring her medical records, as Appellant feels the records show the use of unreasonable force. Appellant concludes the court erred in granting summary judgment in

favor of Appellee. We cannot agree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the

completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

Following a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Robert J. Conway, we conclude Appellant would deserve no relief, even if she had properly preserved her claims on appeal. (**See** Trial Court Opinion, filed August 8, 2016, at 1-4, incorporating Trial Court Opinion, filed June 6, 2016, at 1-5) (finding: Appellant failed to support her allegation that Appellee acted with intent to use excessive force; other than Appellant's bare assertions regarding her injuries, Appellant produced no competent evidence of her alleged physical injuries; certain medical reports attached to Appellant's response to motion for summary judgment are inherently flawed

because they are unsigned, provide no authority or foundation to support doctor's opinion, or state how doctor is qualified to render such opinion; Appellant's remaining proffered medical records do not establish Appellee's intent to use excessive force because they fail to discuss causation; no one disputes that Appellant was placed in handcuffs during her detainment and she managed to free one of her wrists from the handcuffs, so photos of redness around Appellant's wrists do not necessarily demonstrate use of excessive force; regarding Appellant's malicious prosecution claim, she did not support her assertion that Appellee caused criminal proceedings to be initiated or continued against Appellant without probable cause; Appellant admits she accessed someone else's vehicle without permission on 9/4/11; Appellee, in his capacity as constable, worked security at West End Fair on 9/4/11; based on these facts, Appellee had probable cause to detain Appellant, which constituted absolute defense to claim of malicious prosecution). The record supports the court's decision, and we would have no reason to disturb it.

With respect to Appellant's claim that the court should have recused itself, Pennsylvania law is clear: "[A] party to an action has the right to request the recusal of a jurist where that party has a reason to question the impartiality of the court." ***Goodheart v. Casey***, 523 Pa. 188, 198, 565 A.2d 757, 762 (1989).

> The proper practice on a plea of prejudice is to address an
> application by petition to the judge before whom the

- 13 -

proceedings are being tried. He may determine the question in the first instance, and ordinarily his disposition of it will not be disturbed unless there is an abuse of discretion.

Due consideration should be given by him to the fact that the administration of justice should be beyond the appearance of unfairness. … If the judge feels that he can hear and dispose of the case fairly and without prejudice, his decision will be final absent an abuse of discretion.

*Reilly by Reilly v. Southeastern Transp. Authority*, 507 Pa. 204, 220-21, 489 A.2d 1291, 1299 (1985) (citing *In re Crawford's Estate*, 307 Pa. 102, 160 A. 585 (1932)).

It is presumed that the judge has the ability to determine whether he will be able to rule impartially and without prejudice, and his assessment is personal, unreviewable, and final. Where a jurist rules that he…can hear and dispose of a case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion. The party requesting recusal bears the burden of producing evidence that establishes bias, prejudice, or unfairness. This evidence must raise a substantial doubt as to the jurist's ability to preside impartially.

*In re Bridgeport Fire Litigation*, 5 A.3d 1250, 1254 (Pa.Super. 2010) (internal citations omitted).

In reviewing the denial of a recusal motion to determine whether the judge abused his discretion, we recognize that our judges are honorable, fair and competent. Based on this premise, where a judge has refused to recuse himself, on appeal, we place the burden on the party requesting recusal to establish that the judge abused his discretion.

*Commonwealth v. King*, 576 Pa. 318, 322, 839 A.2d 237, 239 (2003).

Here, Appellant sought recusal of the trial jurist on the ground that he made "prejudicial" comments during a pretrial conference, because the

judge "admonished" Appellant for not having counsel, doubted the merits of Appellant's case, and criticized her *pro se* efforts at discovery. There is no transcript in the certified record of this pretrial conference on May 24, 2016. So, we are unable to verify Appellant's allegations. Moreover, in response to Appellant's recusal motion, the court stated: "Judges use pre-trial conferences to encourage settlement. The method used to encourage settlement does not prejudicially affect Plaintiff's action." (**See** Trial Court Order, filed June 6, 2016.) Appellant failed to bear her burden to produce evidence to establish bias, prejudice, or unfairness or raise a substantial doubt as to the jurist's ability to preside impartially. **See In re Bridgeport Fire Litigation, supra**; **King, supra**. Thus, we give this claim no further attention. Accordingly, we affirm.[2] **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Order affirmed.

---

[2] Due to our disposition, we deny Appellant open application to strike Appellee's brief for alleged failure to comply with formatting requirements.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2017

IN THE COURT OF COMMON PLEAS OF THE 43rd JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONROE

LIZA REGINA MOUSIOS,
     Plaintiff

VS.

WEST END FAIR ASSOCIATION,
ALAN GANNON, THOMAS
HARTFORD, and VITO CUSUMANO,
     Defendants

CIVIL ACTION - LAW

NO. 6127-CIVIL-2013

OPINION and ORDER

**Summary Judgment**

Summary Judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa. R.C.P. No. 1035.2. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt. Id. Failure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Manzetti v. Mercy Hosp. of Pittsburgh, 565 Pa. 471, 482, 776 A.2d 938, 945 (2001).

## Count I – Assault

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear. Cucinotti v. Ortmann, 159 A.2d 216 (Pa. 1960). However, in the context of official police action, the Court recognizes that:

> A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.

Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. Super. 1994). Therefore, in order to sustain claims for assault and battery based on a police officer's official conduct, a plaintiff must establish more than that the officer intended to use physical force; she must establish that the officer intended to use excessive force. Id. In the present action, Plaintiff has failed to adduce sufficient evidence that Defendants acted with the intent to use excessive force.

Defendant Alan Gannon and Defendant Thomas Hartford worked security at the West End Fair on September 4, 2011. It is undisputed that Plaintiff was detained by Defendants after breaking into a vehicle she admitted she did not have permission to open. Plaintiff alleges within her complaint that Defendants "accosted her, told her that she was under arrest, and then physically grabbed her and began to manhandle and treat her roughly while attempting to handcuff her." Other than bare assertions regarding injuries, Plaintiff has failed to submit into record evidence of her physical injuries. Defendants, on the other hand, submitted into record a medical report prepared by Dr. Richard Bennett. Dr. Bennett did not report any injuries associated with the reported accident on September 4, 2011. It is the opinion of Dr. Bennett that Plaintiff's complaints are primarily a reflection of heightened anxiety and depression.

Plaintiff's descriptions of her own conduct at the time of arrest and of the force used in making the arrest, particularly coupled with her lack of physical injury, permits no reasonable conclusion that the force was excessive.

### Count II – Battery

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another, or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body, and that directly or indirectly results in the harmful or offensive contact with the body of another. Herr v. Booten, 580 A.2d 1115, 1117 (Pa. Super. 1990). However, in the context of official police action, the Court recognizes that:

> A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.

Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. Super. 1994). Therefore, in order to sustain claims for assault and battery based on a police officer's official conduct, a plaintiff must establish more than that the officer intended to use physical force; she must establish that the officer intended to use excessive force. Id. For the reasons set forth under Count I, Plaintiff has also failed to adduce sufficient evidence that Defendants acted with the intent to use excessive force.

### Count III – Malicious Prosecution

A person who causes a criminal proceeding to be initiated or continued against another, resulting in his or her arrest or a seizure of his or her property, is responsible for the harm resulting from the initiation or continuation of such proceeding, if it was initiated or continued with malice and without probable cause, and the proceeding terminated in favor of the plaintiff. De Salle v.

Penn Central Transp. Co., 398 A.2d 680, 682 (Pa. Super. 1979). "If probable cause is shown to have existed, an absolute defense is established against an action for malicious prosecution, even when express malice is proved." Meiksin v. Howard Hanna Co., Inc., 590 A.2d 1303, 1305 (Pa. Super. 1991). "Absent material conflicts in the evidence, the presence or absence of probable cause is for the court to determine." Id. "Probable cause is defined as a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense." Kelley v. General Teamsters, Chauffeurs and Helpers, Local Union 249, 544 A.2d 940, 942 (Pa. 1988). Plaintiff has failed to adduce sufficient evidence that Defendants caused a criminal proceeding to be initiated or continued against Plaintiff without probable cause.

It is undisputed that Plaintiff broke into a vehicle she did not have permission to open on September 4, 2011 while at the West End Fair. Defendant Alan Gannon, in his capacity as constable, worked security at the West End Fair on September 4, 2011. Defendant Thomas Hartford, in his capacity as a domestic relations investigator for Monroe County, also worked security at the West End Fair on September 4, 2011. When Defendants approached Plaintiff on September 4, 2011, Plaintiff admitted she broke into the vehicle to help a dog she believed was not receiving enough air. Based on the forgoing, probable cause is shown to have existed. Therefore, an absolute defense has been established against Plaintiff's action for malicious prosecution.

## ORDER

AND NOW, to wit, this _2nd_ day of June, 2016, upon consideration of Defendant Alan

Gannon's Motion for Summary Judgment and the accompanying Memorandum of Law, including

all responses and replies thereto, it is hereby **ORDERED** that said Motion is **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice.


BY THE COURT

_____
ROBERT J. CONWAY
SENIOR JUDGE, SPECIALLY PRESIDING
22ND JUDICIAL DISTRICT



cc:     Jared L. Pickell, Esq.
Michael R. Miller, Esq.
William Watkins, Esq.
Liza Regina Mousios (*pro se*)
Monroe County Court Administrator
Wayne County Court Administrator

*KW*

IN THE COURT OF COMMON PLEAS OF THE 43rd JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
COUNTY OF MONROE

|  |  |  |
|---|---|---|
| LIZA REGINA MOUSIOS,<br>Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| WEST END FAIR ASSOCIATION,<br>ALAN GANNON, THOMAS<br>HARTFORD, and VITO CUSUMANO,<br>Defendants | : | CIVIL ACTION - LAW<br><br>NO. 6127-CIVIL-2013 |

OPINION and ORDER

On or about June 13, 2016, Plaintiff filed a Motion for Reconsideration as to the June 2, 2016 Opinion and Order granting summary judgment. On June 20, 2016, Plaintiff's Motion for Reconsideration was granted and the June 2, 2016 Opinion and Order was vacated. It was brought to this Court's attention that there were several documents attached to Plaintiff's Response to Defendant Hartford's Motion for Summary Judgment that were not in this Court's possession at the time of the Summary Judgment decision. Upon reconsideration of Defendant Alan Gannon's Motion for Summary Judgment and Defendant Thomas Hartford's Motion for Summary Judgment, including all responses and attachments thereto, this Court issues the following Opinion and Order.

OPINION

When a Motion for Summary Judgment is filed, "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying evidence in the record establishing the facts essential to the cause of action...which the motion cites as not having been produced." Pa. R.C.P. No. 1035.3(a)(2). In

response to the motion the adverse party may supplement the record. Pa. R.C.P. No. 1035.3(b). "Entry of summary judgment is proper where the plaintiff fails to plead facts sufficient to toll the statute, or admits facts sufficient to admit the limitations defense, or fails in his response, by affidavits, or as otherwise provided, to set forth facts showing that there is a genuine issue for trial, or where the evidence relied upon by the plaintiff is inherently incredible." Taylor v. Tukanowicz, 435 A.2d 181, 183-84 (Pa. Super. 1981). Here, Defendants argue in their Motions for Summary Judgment that Plaintiff has failed to identify evidence in the record establishing Defendants intent to use excessive force. In the context of official police action, the Court recognizes that:

> A police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty. In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest. The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery.

Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. Super. 1994). Therefore, in order to sustain claims for assault and battery based on a police officer's official conduct, a plaintiff must establish more than that the officer intended to use physical force; she must establish that the officer intended to use excessive force. Id.

In response to Defendant Hartford's Motion for Summary Judgment, Plaintiff supplemented the record by attaching several documents. Although Plaintiff did not attach these documents to her Response to Defendant Gannon's Motion for Summary Judgment, Defendant Gannon concedes that Defendant Hartford's Motion for Summary Judgment is nearly identical to Defendant Gannon's Motion, and therefore addresses the same documents.

After a thorough review of the attached documents, this Court finds the following list of documents to be inherently incredible:

1. Sunir J. Garg, M.D., June 12, 2015 letter;

2. Sunir J. Garg, M.D., April 29, 2016 letter;

3. James C. Cameron, DC, DACNB, January 20, 2014 report;

4. Untitled document defining cheiralgia paresthetica;

5. Andrea Fontanella, undated note;

6. Susanne Pitak Davis, undated letter.

This Court finds the June 12, 2015 letter, the January 20, 2014 report, and Andrea Fontanella's note to be inherently incredible because they are unsigned documents. The untitled document defining cheiralgia paresthetica is inherently incredible because the source of the document is unknown. In a letter written by Dr. Garg on April 29, 2016, he states that Plaintiff had significant head trauma on September 4, 2011. It is unclear as to where Dr. Garg obtained this information. Dr. Garg first saw Plaintiff eighteen (18) months after the incident. Assuming Plaintiff had significant head trauma on the day of the incident, Dr. Garg claims that the trauma contributed to her retinal tear which according to Dr. Garg can occur weeks, months, or even years after trauma. Dr. Garg does not provide any authority to support his opinion. Therefore, this Court finds the April 29, 2016 letter to be inherently incredible. Lastly, the undated letter from Susanne Pitak Davis states that Plaintiff has symptoms which easily qualify for a diagnosis of Post-Traumatic Stress Disorder. Ms. Davis does not provide any authority to support her opinion. Furthermore, it is unclear as to whether Ms. Davis is qualified to diagnosis Plaintiff with Post-Traumatic Stress Disorder. Therefore, this Court finds the undated letter from Ms. Davis to be inherently incredible.

Upon further review of the attached documents, this Court finds that the remaining list of documents fail to establish Defendants' intent to use excessive force:

1. Matt Vegari, M.D., reports;

2. Michael Yuz, M.D., October 10, 2012 report;

3. Nathan P. Carr, PA-C, reports;

4. Photos.

This Court finds that none of the above listed reports establish Defendants intent to use excessive force because they do not discuss cause of injury. Although the photos depict redness on Plaintiff's wrists, it is undisputed that Plaintiff was placed in handcuffs during her detainment and that Plaintiff managed to free one of her wrists from those handcuffs. Therefore, the photos also fail to establish Defendants' intent to use excessive force.

## ORDER

**AND NOW**, to wit, this _25_ day of July, 2016, upon reconsideration of Defendant Alan Gannon's Motion for Summary Judgment and Defendant Thomas Hartford's Motion for Summary Judgment, including all responses and attachments thereto, it is hereby **ORDERED** that said Motions are **GRANTED**. This Court incorporates and adopts the entirety of the June 2, 2016 Opinion.

It is **FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice.

BY THE COURT

ROBERT J. CONWAY
SENIOR JUDGE, SPECIALLY PRESIDING
22ND JUDICIAL DISTRICT

cc: Jared L. Pickell, Esq.
Michael R. Miller, Esq.
William Watkins, Esq.
Liza Regina Mousios (*pro se*)
Monroe County Court Administrator
Wayne County Court Administrator

*KW*