J. S37037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MARION BROWN, JR., | : | No. 1325 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Dated February 27, 2018,
in the Court of Common Pleas of Bucks County
Criminal Division at Nos. CP-09-CR-0003049-2015,
CP-09-CR-0003054-2015, CP-09-CR-0003322-2015

BEFORE: BOWES, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 15, 2019**

Marion Brown, Jr., appeals **pro se** from the February 27, 2018 order[1] entered in the Court of Common Pleas of Bucks County denying his PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9542-9546. We dismiss this appeal.

The procedural history of this case, as gleaned from the certified record, is as follows: Appellant was charged with retail theft and criminal conspiracy to commit retail theft at CP-09-CR-0003322-2015;[2] robbery, retail theft, criminal conspiracy to commit retail theft, simple assault, and disorderly

---

[1] We note that the order denying appellant's PCRA petition was executed on February 26, 2018, but was not entered on the docket until February 27, 2018. The caption has been updated to reflect the date the order was docketed.

[2] 18 Pa.C.S.A. §§ 3929(a)(1) and 903(c), respectively.

conduct at CP-09-CR-0003054-2015 ("No. 3054-2015");[3] and retail theft at CP-09-CR-0003049-2015.[4] The three cases were consolidated for purposes of trial, and appellant agreed to a bench trial submitted on stipulated-to facts. The trial court found appellant guilty of all charges[5] and sentenced him to an aggregate term of 3½ to 7 years' incarceration. Appellant did not file post-sentence motions. This court affirmed appellant's judgment of sentence, and appellant did not seek further direct appeal.

On February 21, 2017, appellant filed *pro se* a PCRA petition. Counsel was appointed and an amended PCRA petition was filed. Although the PCRA court initially notified appellant, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his PCRA petition without a hearing, the PCRA court subsequently directed appellant to provide specific information concerning the allegation that law enforcement used an "unduly suggestive" procedure to identify appellant. Appellant filed a second amended PCRA petition in response. The PCRA court conducted a hearing on the matter before denying appellant's PCRA petition in an order docketed on February 27, 2018.

---

[3] 18 Pa.C.S.A. §§ 3701(a)(1)(v), 3929(a)(1), 903(a)(2), 2701(a)(1), and 5503(a)(1), respectively.

[4] 18 Pa.C.S.A. § 3929(a)(1).

[5] We note that appellant initially agreed to plead guilty in exchange for the Commonwealth's withdrawing the robbery charge at No. 3054-2015. Although appellant did not adhere to this agreement, the Commonwealth did not reinstate the robbery charge.

On March 26, 2018, PCRA counsel, Dean H. Malik, Esq. ("Attorney Malik"), filed a notice of appeal, and that appeal was docketed by this court at No. 1337 EDA 2018.[6] On March 28, 2018, PCRA appeal counsel, Patrick J. McMenamin, Esq. ("Attorney McMenamin"), also filed a notice of appeal docketed by this court at No. 1325 EDA 2018 and is the appeal currently before this court. In a *per curiam* order, this court dismissed appellant's appeal at No. 1337 EDA 2018 as duplicative of the current appeal. (*Per curiam* order, 7/24/18.)

The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 17, 2018, appellant filed *pro se* an application waiving assistance of PCRA appeal counsel and seeking to proceed *pro se*. The PCRA court conducted a *Grazier*[7] hearing on April 27, 2018, and after concluding that appellant's waiver of counsel was knowing, voluntary, and intelligent, granted appellant's request to proceed *pro se*. (PCRA court memorandum and opinion, 4/27/18.)

---

[6] We note that Attorney Malik represented appellant at the PCRA hearing. The PCRA court permitted Attorney Malik to withdraw and appointed new counsel to represent appellant on appeal. However, an order granting a petition to withdraw and appointing new PCRA counsel does not appear in the record. The record demonstrates, however, that Attorney McMenamin was appointed sometime after the PCRA court entered the order denying appellant's PCRA petition. (*Grazier* hearing transcript, 4/27/18 at 3.) Out of precaution, both attorneys filed notices of appeal in order to preserve appellant's appellate rights.

[7] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant subsequently filed *pro se* his Rule 1925(b) statement. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises 36 issues for our review.[8] (*See* appellant's Rule 1925(b) statement, 6/4/18 at 1-8; *see also* appellant's brief at 7-10.) However, for the reasons stated herein, appellant has waived all of these issues, and this court does not have jurisdiction to review them on their merits. Therefore, the issues need not be set forth verbatim.

In his first 18 issues, appellant alleges, *inter alia*, abuse of discretion and error by the trial judge, the magisterial district judge, and the district attorney; and prosecutorial misconduct by the district attorney. (*See* appellant's Rule 1925(b) statement, 6/4/18 at 1-4; *see also* appellant's brief at 7-8.)

In order to be eligible for PCRA relief, the allegation of error must not have been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* at 9544(b).

---

[8] Although appellant's Rule 1925(b) statement, listing 36 issues for review, is not concise, Rule 1925(b)(4)(iv) provides, in pertinent part, that "the number of errors raised will not alone be grounds for finding waiver." *See* Pa.R.A.P. 1925(b)(4)(iv); *see also Eiser v. Brown & Williamson Tabacco Corp.*, 938 A.2d 417, 420 (Pa. 2007) (stating, "the number of issues raised in the [Rule] 1925(b) statement provided no basis to find waiver.").

Here, a review of the record demonstrates that appellant could have raised the allegations contained in his first 18 issues before trial, at trial, and during direct appeal but failed to do so. Consequently, appellant has waived these issues.[9] *See id.*

We next turn to appellant's 22nd issue in which he asserts that trial counsel was ineffective for failing to challenge the legality of appellant's sentence. (*See* appellant's Rule 1925(b) statement, 6/4/18 at 5; *see also* appellant's brief at 8.) A review of appellant's PCRA petition reveals that he did not raise an ineffectiveness claim based on an alleged illegal sentence but, instead, claimed trial counsel was ineffective for failing to "present evidence in mitigation at sentencing." (*See* appellant's second amended PCRA petition, 11/22/17 at 3, ¶ 9(f).) Therefore, appellant waived this issue on appeal. *See Ousley*, 21 A.3d at 1242.

In Issues 23, 26-29, 30, and 33, appellant raises claims of ineffective assistance of trial counsel involving what appellant contends is a "false criminal complaint" filed as part of an alleged conspiracy between the police and the Commonwealth's witness, Kevin Dupell. (*See* appellant's Rule 1925(b) statement, 6/4/18 at 5-8; *see also* appellant's brief at 8-9.) Appellant failed to raise any of these claims of ineffectiveness in his PCRA

---

[9] We note that appellant also failed to raise any of the assertions contained in his first 18 issues in his PCRA petition and, therefore, waived those issues on appeal. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (stating, "issues not raised in a PCRA petition cannot be considered on appeal." (citations omitted)), *appeal denied*, 30 A.3d 487 (Pa. 2011).

petition. Therefore, appellant has waived these issues on appeal. *See Ousley*, 21 A.3d at 1242.

Finally, we turn to appellant's remaining claims of ineffective assistance of trial counsel, Issues 19-21, 24, 25, 31, 32, and 34-36.

This court has held:

> [t]o be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008).

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa.Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013). "The failure to satisfy any one of the prongs requires rejection of the petitioner's claim." *Commonwealth v. Williams*, 141 A.3d 440, 454 (Pa. 2016) (citation omitted).

Here, a review of appellant's brief demonstrates that he has failed to comply with the Pennsylvania Rule of Appellate Procedure 2119(a) that requires the argument section of his brief to be divided into as many parts as there are issues presented and contain discussion and citation of authorities as is deemed pertinent. *See* Pa.R.A.P. 2119(a). The argument section of appellant's brief, which spans 42 pages, is only divided into 10 sub-sections; appellant raised 36 issues for review. (*See* appellant's brief at 20-62.) In the 3 sub-sections dedicated to his claims of ineffectiveness, appellant failed to

develop the issues by applying the three-prong test for proving an ineffectiveness claim, as set forth by this court in **Matias**, **supra**, followed by any meaningful discussion or citation of pertinent authority.

"[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009), **cert. denied**, 562 U.S. 906 (2010). "Although this Court is willing to liberally construe materials filed by a **pro se** litigant, **pro se** status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 497-498 (Pa.Super. 2005). "It is not the obligation of this Court . . . to formulate Appellant's arguments for him." **Johnson**, 985 A.2d at 924.

Here, appellant's failure to comply with Rule 2119(a) prevents this court from conducting a meaningful judicial review of appellant's 10 remaining ineffectiveness claims. Consequently, appellant's claims are waived.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/19

- 7 -