J-S43045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TAMMI WATSON AND THOMAS WATSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIR G. BROWN, JR., AND VIRGINIA BROWN, AS THE EXECUTRIX OF THE ESTATE OF CLAIR G. BROWN, JR. | : | No. 539 EDA 2024 |

Appeal from the Order Entered January 10, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-28498

BEFORE: BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 7, 2025**

In this car-accident case, Plaintiffs, Tammi and Thomas Watson, appeal from the order sustaining a preliminary objection of Virginia Brown (as the Executrix of her husband's estate) and dismissing the complaint due to the Watsons' failure to perfect service upon Clair G. Brown, Jr. Because the Watsons violated Rule of Appellate Procedure 1925(b), we affirm.

On December 6, 2016, Mrs. Watson drove Mr. Watson's car into an intersection. According to Mrs. Watson, at the same time, Mr. Brown ran the red light, struck the front, driver side of Mr. Watson's car, and injured Mrs. Watson. Nearly two years later, the Watsons filed a complaint for negligence *per se* against Mr. Brown. The trial court expounded on the numerous service attempts as follows:

[T]he complaint was never served on the Defendants. Service was unsuccessfully attempted on numerous occasions by the [sheriff], with affidavits of non-service being filed on January 1, 2019, March 7, 2019, and November 4, 2019. As the complaint was not served, the [Watsons] filed a praecipe to reinstate the complaint 18 times, over almost two years, from the original filing of the complaint on December 5, 2018 through November 30, 2020 . . .

Clair Brown, Jr., died on [April] 4, 2020. [The Watsons'] counsel was unaware of his death. [On October 13, 2020, Mrs. Brown raised her husband's estate, and the register of wills issued letters testamentary to Mrs. Brown, naming her the Executrix of the Estate. *See In re Estate of Brown*, 46-2020-X2673 (C.C.P. Montgomery 2020). The Watsons] did not reinstate the complaint between November 30, 2020 and September 2, 2022, with another almost two years passing without effectuating service.

\* \* \*

On August 26, 2022, [the Watsons] filed a motion for alternative service, which was replete with justification for [the Watsons'] inability to continue with their efforts to serve [Mr. Brown] or move the case forward since November of 2020. During this two year timeframe, [they] did not make any additional efforts to serve the complaint or locate [Mr. Brown] between reinstating the complaint on November 30, 2020 and the August 26, 2022 motion for alternative service . . . However, at the time [the Watsons] filed their motion for alternate service on August 26, 2022, [they] were unaware that [Mr. Brown] had been dead for over two years. Subsequently, the Honorable Joseph Smyth, unaware that [Mr. Brown] was deceased, granted [the] motion for alternate service on August 26, 2022.

On September 2, 2022, [the Watsons] filed a praecipe to reinstate the complaint followed by an affidavit of service, confirming its publication on October 18, 2022. After alternative service was effectuated, [defense] counsel entered his appearance on behalf of [Mr. Brown] and filed preliminary objections. [A year passed, while the Watsons filed a suggestion of death for Mr. Brown. After several more months of inactivity, they eventually substituted Mrs. Brown, as the Executrix of Mr. Brown's Estate, as the named defendant. Mrs. Brown renewed the preliminary objection of her late husband, *i.e.*, that service of

process was improper, and, therefore, the trial court lacked *in personam* jurisdiction over her.]

In the [trial c]ourt's detailed decision . . . [it] sustained the preliminary objection for lack of service as [Mr. Brown] was never served. [The court] found the [Watsons] lacked due diligence in the failure to reinstate the complaint, [they] did not make a good faith effort to serve [Mr. Brown], and [the Watsons'] claims of constructive service and justification for failing to continually reinstate the complaint lacked credibility and failed legally. The court also found that the defense [was] prejudiced.

The court issued its decision sustaining the preliminary objections and dismissing the complaint with prejudice on January 10, 2024. [The Watsons] filed an appeal on February 9, 2024.

Trial Court Opinion, 5/30/24, at 1-3.

The trial court directed the Watsons to file "a **concise** statement of the errors complained of on appeal," under Pa.R.A.P. 1925(b). T.C.O., 2/12/14, at 1 (emphasis added). That order warned the Watsons that "any issue not **properly** included in a statement timely filed and served pursuant to Pa.R.A.P. 1925(b) 'shall be deemed waived,' Pa.R.A.P. 1925(b)(3)(iv)." **Id.** (emphasis added).

Instead of **properly** filing a **concise** statement of errors, the Watsons served the trial court with a six-page document, raising 23 issues. **See** Watsons' 1925(b) Statement at 1-6. Their statement included details for several of the issues, as well as quotations from various cases that they claimed the trial court misapplied.

Unsurprisingly, the trial court did not appreciate receiving a voluminous statement of errors for an appeal involving a single preliminary objection and basic concepts of proper service of a complaint. The court found the statement

to be procedurally flawed, because it was "excessively long and repetitive in its assertion of errors." Trial Court Opinion, 5/30/24, at 6. Given that the statement was "neither concise nor clear in its assertions," the trial court found that the Watsons "waived all claims of alleged error" on appeal. ***Id.*** We agree.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." ***Trigg v. Children's Hosp. of Pittsburgh of UPMC***, 229 A.3d 260, 269 (Pa. 2020).

Rule of Appellate Procedure 1925(b) provides, in relevant part, "If the judge entering the [appealed-from] order . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). Critically, "The statement shall set forth **only those errors** that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(i) (emphasis added). "The statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver." Pa.R.A.P. 1925(b)(4)(iv).

In applying that rule, this Court has explained, "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004). Our precedents clearly state

- 4 -

that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal.

Specifically, we have held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and have thereby effectively precluded appellate review of the issues they now seek to raise." *Kanter*, 866 A.2d at 401 (finding waiver where counsel raised 50 issues in a simple, breach-of-contract case for an unpaid referral fee). We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) make the raising of so many issues impossible. *Id.* "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005).

The proceedings before the trial court consisted almost entirely of paper filings – indeed, the matter never progressed passed the filing of preliminary objections and a response. The in-court portion of this case involved 40 minutes of oral argument with no testimony or evidence presented. Thus, raising 23 issues and subissues deviates widely from the requirement that the statement be concise, in light of the simplicity of the issue before the trial court: namely, whether the Watsons properly served their complaint on Mr. Brown under the Rules of Civil Procedure.

Admittedly, a lengthy statement may not always be the consequence of bad faith. *See, e.g.*, *Eiser v. Brown & Williamson Tobacco Corp.*, 938 A.2d 417, 421, 422 (Pa. 2007) (plurality) (stating that "while the number of issues raised in the subject Rule 1925(b) statement may have been the result of a poorly reasoned appellate strategy, because the trial court did not find that appellants acted in bad faith, there was no violation of a Rule of Appellate Procedure") (reviewing 24 errors listed in the concise statement). However, the Supreme Court of Pennsylvania distinguished *Eiser* from *Kanter*, because the issues in *Eiser* were far more complex than a straightforward breach-of-contract action. *Id.*, at 421-22. *Eiser* involved a complex, multi-count lawsuit, with numerous defendants, resulting in many trial court rulings. A dozen counts were raised, which blamed Mr. Eiser's habitual smoking and consequently his lung cancer on the tobacco industry.

We have relied upon that distinction in other cases where there were complex legal issues and, therefore, a voluminous 1925(b) statement was reasonable in light of the cases being appealed. *See Maya v. Johnson & Johnson*, 97 A.3d 1203, 1211, n. 4 (Pa. Super. 2014) (allowing an eleven page, 23 paragraph statement, in a products liability case with a nine-week jury trial and $10,000,000 verdict, where a three-year-old child suffered numerous, horrific, medical problems after an allergic reaction to over-the-counter children's Motrin) and *Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 319, n. 3 (Pa. Super. 2015) (allowing 36 claims of error, following a jury trial on fraud and a non-jury trial on the Uniform Trade Practice and

Consumer Protection Law with multiple experts and highly technical concepts arising from the sale of a variable-whole-life-insurance policy).

By contrast to those cases and cases like them, this appeal involves the straightforward question of proper service of a complaint. It does not present the legal complexity that caused the ***Eiser*** Court to deviate from this Court's rationale in ***Kanter***. The numerosity of the Watsons' complaints in the statement was a litany of grievances rehashing their theories in opposition to the preliminary objections point by excruciating point. Many of the issues were redundant in violation of Pa.R.A.P. 1925(b)(4)(iv) and were an obvious attempt to overwhelm the trial court, instead of aiding it in understanding the few issues that the Watsons actually intended to raise in this Court. Consistent with ***Kanter***, ***supra***, these violations lead us to agree with the trial court that waiver is appropriate.

Appellants who file a 1925(b) statement, brimming with over 20 points of error, following a 40-minute-long, oral argument regarding one preliminary objection, do so either out of extreme ignorance of the appellate process or as an act of deliberate disrespect for the trial court's time and finite judicial resources. In either case, such appellants have no real intention or hope of litigating 23 issues on appeal due to the briefing-word-count limits that our Rules of Appellate Procedure impose. "A principal brief shall not exceed 14,000 words . . . ." Pa.R.A.P. 2135(a)(1).

In fact, the Watsons reduced their merit issues on appeal from the 23 that they raised in their 1925(b) statement to four.[1]  We can only conclude that the Watsons packed their 1925(b) statement with 23 issues solely to exasperate the trial court and waste its time.  The Watsons were uninterested in helping the trial court facilitate a meaningful appellate review as to any of the issues in their excessive 1925(b) statement.

Instead, they presented the trial court with redundant issues and subissues, included lengthy explanations, as well frivolous issues that they never planned to raise or argue in this Court.  The Watsons did so in clear violation of Rule 1925(b)(4)(i),(iv).  We cannot condone such action.

_____

[1] The Watsons' four merit issues are:

> 1. Did the trial court err when it determined that [the Watsons] failed to put [Mr. Brown] on notice of the claims and failed to serve [him] with the complaint?
>
> 2. Did the trial court err when it determined that [the Watsons] failed to make a good faith effort to give notice of the complaint?
>
> 3. Did the trial court err when it determined that [the defense] suffered prejudice by the alleged failure to place [Mr. Brown] on notice of the claims?
>
> 4. Did the trial court err when it neglected to consider the general principles, authoritative statutes, and governing case law holding that the court rules should be liberally construed to ensure a just determination of the matter and to protect the substantial rights of the parties?

Watsons' Brief at 5-6.

To discourage appellate counsel from filing needlessly voluminous Rule 1925(b) statements in the future, we impose the waiver result prescribed in *Kanter*, *supra*.

Appellate issues dismissed as waived.

Judgment affirmed.

Judge Bowes and Judge Stabile concur in result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/07/2025